IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for COUNTY BANK<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS T. HAWKER, et al.,<br><br>Defendants.<br>_____/ | CASE NO. CV F 12-0127 LJO DLB<br><br>**ORDER OF DEFENDANTS' F.R.Civ.P. 12 MOTION TO DISMISS**<br>(Doc. 11.) |

**INTRODUCTION**

Defendant former bank officers seek to dismiss plaintiff Federal Deposit Insurance Corporation's ("FDIC's") negligence and breach of fiduciary duty claims as barred by the business judgment rule. FDIC responds that the business judgment rule does not apply to defendants as bank officers and provides them no immunity. This Court considered defendants' F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the June 12, 2012 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES defendants' motion to dismiss.

1

# BACKGROUND[1]

## Summary

As County's Bank's receiver, FDIC seeks to recover losses of $42 million which FDIC attributes to "significant departures from safe and sound banking practices" exemplified by 12 real estate loans to result in County Bank's February 6, 2009 failure. County Bank had focused on tract residential construction lending in the Central Valley.

Each defendant served in County Bank officer capacities and was responsible for lending policies and specific loan decisions. Defendant Thomas T. Hawker ("Mr. Hawker") was Chief Executive Officer, President and a director and owned/controlled 1.55 percent of the stock of Capital Corporation of the West ("CCOW"), which owned County Bank as a one-bank holding company. Defendant John J. Incandela ("Mr. Incandela") was an Executive Vice President, Chief Credit Officer and a member of the Management Loan Committee ("MLC") and owned/controlled several thousand shares of CCOW's stock. Defendant Dave Kraechan ("Mr. Kraechan") was a Senior Vice President and Chief Lending Officer. Defendant Edwin Jay Lee ("Mr. Lee") was a Senior Vice President, Bank Credit Administrator and MLC member. Defendant Edward J. Rocha ("Mr. Rocha") was a Chief Operating Officer, President and member of the Director's Loan Committee ("DLC") and MLC and owned/controlled .30 percent of CCOW's stock.[2] Each defendant was a member of County Bank's Executive Loan Committee ("ELC").

The complaint alleges that defendants committed negligence and fiduciary breaches by allowing County Bank to make imprudent residential construction and development loans. Defendants contend that the business judgment rule bars the complaint's negligence and breach of fiduciary duty claims.

## County Bank's Operations

During late 2005 to mid-2008, defendants caused County Bank to pursue risky construction and land development loans ("CLDs") and commercial real estate loans, which are more speculative than

---

[1] The factual recitation is derived generally from FDIC's Complaint ("complaint"), the target of defendants' challenges, as well as matters of which this Court may take judicial notice. This Court is mindful of FDIC's objections to matters which defendants claim are subject to judicial notice. Unless otherwise noted, this Court does not rule on objections outside of trial or in-court proceedings.

[2] Mr. Hawker, Mr. Incandela, Mr. Kraechan, Mr. Lee and Mr. Rocha will be referred to collectively as "defendants."

2

other loans because of lack of present cash flow, uncertainties of development and sale, and need for adequate secondary sources of repayment. Defendants knew or should have known that County Bank pursued risky development loans in a limited geographic area when defendants should not have favored growth over prudent lending practices. CLDs were renewed or extended with no principal pay down as collateral values declined to mask bad loans and delay recognition of losses.

### FDIC's Claims

The complaint alleges that defendants committed negligence and fiduciary breaches in that they:

1. "[A]pproved and permitted imprudent loans that violated the Bank's own lending policies" by engaging in "substandard evaluation of proposed projects, borrowers, contractors and guarantors";

2. Pursued "unreasonable growth at a time when market conditions and warnings . . . highlighted the need for prudent lending practices";

3. Failed to observe "requirements for a reasonable financial analysis of the prospective borrower and project"; and

4. Failed to assure that County Bank's "key lending and underwriting functions were adequately staffed with competent, well-trained personnel."

The complaint's (first) negligence claim alleges that defendants failed "to investigate material facts" and to use "business judgment" to fulfill responsibilities and ignored the danger the negligence caused to County Bank. The complaint's (second) breach of fiduciary duties claim alleges that defendants failed to discharge fiduciary duties and to adhere to policies, laws and regulations.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Defendants characterize the complaint as an attempt to recover millions from defendants "for the colossal real estate and financial melt-down that neither FDIC nor the Federal Reserve predicted." Defendants contend that business judgment rule entitles them to "immunity from personal liability for acts of ordinary negligence under California law." *FDIC v. Castetter*, 184 F.3d 1040, 1044 (9th Cir. 1999).

FDIC responds that each defendant "is sued for conduct as an officer" to preclude immunity

3

1 under the business judgment rule.

2 "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan*

*Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

Moreover, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984).

With these standards in mind, this Court turns to application of the business judgment rule to the complaint's claims.

### **Applicable State Law And Elements**

Defendants note that the complaint's allegations do not "differentiate the breach of fiduciary duty from simple negligence" so that the negligence and breach of fiduciary duty claims "overlap entirely" and thus "rise or fall together."

FDIC pursues the complaint's claims under 12 U.S.C. § 1821(k) ("section 1821(k)"), which provides in pertinent part:

> A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action by . . . the Corporation [FDIC] . . . acting as conservator or receiver of such institution . . . for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law. Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law.

Although County Bank is state chartered and is a not a member of the Federal Reserve System, it is regulated by the FDIC, and defendants' liability via section 1821(k) is determined by state law. *See F.D.I.C. v. Castetter*, 184 F.3d 1040, 1043 (9th Cir. 1999). The U.S. Supreme Court has explained that "state law sets the standard of conduct as long as the state standard (such as simple negligence) is stricter than that of the federal statute. The federal statute nonetheless sets a 'gross negligence' floor, which applies as a substitute for state standards that are more relaxed." *Atherton v. F.D.I.C.*, 519 U.S. 213, 216, 117 S.Ct. 666 (1997). "In our view, the statute's 'gross negligence' standard provides only a floor – a guarantee that officers and directors must meet at least a gross negligence standard. It does not stand in the way of a stricter standard that the laws of some States provide." *Atherton,* 519 U.S. at 227, 117 S.Ct. 666. The last sentence of section 1821(k) "read naturally, suggests an interpretation broad enough to save rights provided by other state, or federal, law." *Atherton,* 519 U.S. at 227, 117 S.Ct. 666.

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525 (1998) (citation omitted).

"The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a

6

fiduciary duty; (2) a breach of the fiduciary duty; and (3) resulting damage. *Pellegrini v. Weiss*, 165 Cal.App.4th 515, 524, 81 Cal.Rptr.3d 387 (2008).

Officers owe "a duty of highest good faith to the corporation and its stockholders" in dealings on behalf of the corporation. *Burt v. Irvine Co.*, 237 Cal.App.2d 828, 850, 47 Cal.Rptr. 392 (1965).

Defendants argue that the complaint's negligence and breach of fiduciary duty claims survive only if viable under California law given that County Bank and CCOW are California corporations. As such, defendants seek to invoke California's version of the business judgment rule to bar the complaint's claims. "Because the simple negligence standard is stricter than the gross negligence standard provided for in 12 U.S.C. § 1821(k) and because the immunity defense does not implicate the 'floor' of gross negligence under the facts of this case, California law is the applicable standard for assessing liability in this instance under *Atherton*." *Castetter*, 184 F.3d at 1044-1045.

FDIC agrees that California law governs its claims in that the applicable state law is that of the state in which the federally insured institution, County Bank, "has its main office or maintains its principal place of business." *Atherton*, 519 U.S. at 224, 117 S.Ct. 666. FDIC points to County Bank's Merced main office and thus application of California law to its claims. As such, this Court will apply California law pertaining to the business judgment rule.

## California Corporations Code Section 309

In *Castetter*, 184 F.3d at 1044, the Ninth Circuit summarized California's business judgment rule in that it "requires directors to perform their duties in good faith and as an ordinarily prudent person in a like circumstance would. It immunizes directors from liability if they can establish that they acted in accordance with this standard of care. It further provides that directors are entitled, as a matter of law, to rely on certain information." Morever, the business judgment rule's general purpose "is to afford directors broad discretion in making corporate decisions and to allow these decisions to be made without judicial second-guessing in hindsight." *Castetter*, 184 F.3d at 1044.

California Corporations Code section 309 ("section 309") codifies California's business judgement rule. *Castetter*, 184 F.3d at 1044. Section 309(a) sets forth the applicable standard of care:

> (a) A **director** shall perform the duties of a **director**, including duties as a member of any committee of the board upon which the **director** may serve, in good faith, in a manner such **director** believes to be in the best interests of the corporation and its

7

shareholders and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances. (Bold added.)

Section 309(b) permits reliance on certain information prepared by others:

(b) In performing the duties of a **director**, a **director** shall be entitled to rely on information, opinions, reports or statements, including financial statements and other financial data, in each case prepared or presented by any of the following:

(1) One or more officers or employees of the corporation whom the **director** believes to be reliable and competent in the matters presented.

(2) Counsel, independent accountants or other persons as to matters which the **director** believes to be within such person's professional or expert competence.

(3) A committee of the board upon which the **director** does not serve, as to matters within its designated authority, which committee the director believes to merit confidence,

so long as, in any such case, the **director** acts in good faith, after reasonable inquiry when the need therefor is indicated by the circumstances and without knowledge that would cause such reliance to be unwarranted. (Bold added.)

Section 309(c) shields liability: "A person who performs the duties of a **director** in accordance with subdivisions (a) and (b) shall have no liability based upon any alleged failure to discharge the person's obligations as a **director**." (Bold added.)

In sum, the California business judgment rule is intended to protect a director from liability for "'a mistake in business judgment which is made in good faith and in what he or she believes to be the best interest of the corporation, where no conflict of interest exists.'" *Gaillard v. Natomas Co.*, 208 Cal.App.3d 1250, 256 Cal.Rptr. 702, 710 (1989). "It requires directors to act in good faith and with the prudence that an ordinary person would under like circumstances," but "entitles a director to rely on information supplied by others." *Castetter*, 184 F.3d at 1044. "If directors meet the requirements of the business judgment rule, they are entitled to immunity from personal liability for acts of ordinary negligence under California law." *Castetter*, 184 F.3d at 1044. Section 309 "does not set forth any duties of a director, fiduciary or otherwise. Rather, it establishes a standard of care and accords directors immunity from liability if they comply with that standard." *Lehman v. Superior Court*, 145 Cal.App.4th 109, 120, 51 Cal.Rptr.3d 411 (2006).

Defendants challenge the complaint's absence of allegations that defendants acted "inconsistent" with County Bank's best interests, subjectively believed that they acted against County Bank's best

interests, or "failed to act with such care as an ordinarily prudent person in a like position." Defendants attribute the complaint to "attempt to hold the Defendants to a threshold for perfection that does not exist under California law and which would be unreasonable for any ordinarily prudent person in a like position" given "the greatest real estate meltdown and financial crisis in the modern era." Defendants characterize as inapplicable the complaint's references to "highest duty of good faith" and "duty of highest care" in that the business judgment rule requires a lesser service "in good faith, in a manner such director believes to be in the best interests of the corporation and its shareholders and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances."[3] Defendants conclude that the complaint fails to allege defendants' failure "to satisfy the applicable standard of care or duty under California law."

As an initial matter, defendants, despite their claims to the contrary, fail to demonstrate that they are entitled to rely on section 309. Section 309 is entitled "Performance of duties by director; liability." As noted above, section 309 expressly refers to directors. Section 309 uses the phases a "director shall perform the duties of a director . . .," in "performing the duties of a director, a director shall. . .," "who the director believes to be reliable and competent . . .," "matters which the director believes . . .," and "the director acts in good faith . . ." Section 309 does not address officer duties and liability and denotes the director-officer distinction in section 309(b)(1) which addresses information from "officers . . . whom the director believes to be reliable and competent." Clearly, the California legislature omitted officers in codifying the business judgment rule in section 309. *See Troppman v. Valverde*, 40 Cal.4th 1121, 1135, n. 10 (2007) (Courts are "not to insert what has been omitted, or to omit what has been inserted . . ."); *San Diego County Emps. Ret. Ass'n v. Superior Court*, 196 Cal.App.4th 1228, 1237 (2011) ("A court's overriding purpose in construing a statute is to ascertain legislative intent . . . a court looks first to the words of the statute and give them their usual and ordinary meaning.")

Defendants are not entitled to rely on section 309, the Legislative Committee Comments of

---

[3] The phrase "ordinarily prudent person" was intended "to preclude the imposition in certain cases of a duty to use expertise" and "emphasizes long traditions of the common law, in contrast to standards that might call for some undefined degree of expertise, like 'ordinarily prudent businessman.'" *Frances T. v. Village Green Owners Assn.*, 42 Cal.3d 490, 528, 229 Cal.Rptr. 456 (1986).

9

1  which confirm that section 309's standard of care "does not include officers."  Defendants seek to blend
2  their conduct as directors with that of officers.  However, as noted by FDIC, the roles of officers and
3  directors are distinct given officers' performance-based compensation and larger stake in a corporation
4  compared with directors' limited compensation and corporate holdings.  Defendants fail to substantiate
5  their claim that "there is no basis under California law to conclude that the business judgment rule's
6  protections for officers was repealed by implication upon the enactment of Section 309."  Section 309
7  does not support dismissal of the complaint's claims.

## Common Law Business Judgment Rule Defense

Defendants argue that the common law business judgment rule precludes second guessing decisions which produced unfavorable results to further insulate defendants from liability.  FDIC responds that no common law business judgment rule limits officer liability.

Although section 309 codifies the business judgment rule, the common law rule "has two components—one which immunizes directors from personal liability if they act in accordance with its requirements, and another which insulates from court intervention those management decisions which are made by directors in good faith in what the directors believe is the organization's best interest. . . . Only the first component is embodied in Corporations Code section 309."  *Berg & Berg Enterprises, LLC v. Boyle*, 178 Cal.App.4th 1020, 1045, 100 Cal.Rptr.3d 875 (2009) (citations omitted).[4]  The broader rule is "a judicial policy of deference to the business judgment of corporate directors in the exercise of their broad discretion in making corporate decisions."  *Berg & Berg Enterprises*, 178 Cal.App.4th at 1045, 100 Cal.Rptr.3d 875.  The broader rule "is based on the premise that those to whom the management of a business organization has been entrusted, and not the courts, are best able to judge whether a particular act or transaction is helpful to the conduct of the organization's affairs or expedient for the attainment of its purposes."  *Berg & Berg Enterprises*, 178 Cal.App.4th at 1045, 100 Cal.Rptr.3d 875.  "The rule establishes a presumption that directors' decisions are based on sound business judgment, and it prohibits courts from interfering in business decisions made by the directors in good faith and in

---

[4] FDIC characterizes the first component as a "defensive prong" to shield a director's participation in a decision which a reviewing court finds imprudent.  FDIC characterizes the second component as "offensive" to prevent courts' directing officers of a corporate board of directors.

the absence of a conflict of interest." *Berg & Berg Enterprises*, 178 Cal.App.4th at 1045, 100 Cal.Rptr.3d 875. "A hallmark of the business judgment rule is that a court will not substitute its judgment for that of the board if the latter's decision can be 'attributed to any rational business purpose.;" *Katz v. Chevron Corp.,* 22 Cal.App.4th 1352, 1366, 27 Cal.Rptr.2d 681 (1994) (citation omitted).

Defendants attribute the complaint to allege "mere mistakes and errors of judgment" under the circumstances. Defendants contend they are not liable for decisions which turn out badly if the decisions when made "can be attributed to any rationale business purpose." Defendants urge this Court to apply "the common law standard of care and the business judgment rule" beyond section 309 in that although section 309 establishes a standard of care, the common law business judgment rule is consistent with section 309 and is "applicable to officers and directors." As such, defendants conclude that they are shielded from liability with the complaint's absence of allegations of defendants' fraud, bad faith decisions, financial interest associated with their decisions, or gross overreaching.

Defendants seek to minimize *Gaillard v. Natomas Co.*, 208 Cal.App.3d 1250, 1266, 256 Cal.Rptr. 702 (1989), where the California Court of Appeal addressed "golden parachute" agreements and benefits to officers and directors as part of merger agreement:

> We further conclude, however, that, as a matter of law, our review of the conduct of the inside directors is not governed by section 309. The inside directors did not vote on the approval of the golden parachutes or consulting agreement. In securing the payment of these benefits to themselves, they were not "perform[ing] the duties of a director" as specified in section 309, but were acting as officer employees of the corporation. The judicial deference afforded under the business judgment rule therefore should not apply. . . . This result is in accord with the premise of the business judgment rule that courts should defer to the business judgment of disinterested directors who presumably are acting in the best interests of the corporation.

Defendants challenge *Gaillard* to rely incorrectly on "the context of officers versus outside directors" in that "section 309 as intended to supplement the common law, not merely codify or abolish it." Defendants contend that their approvals of loans and exceptions to lending policies are presumed "based on sound business judgment" in the absence of allegations of fraud, bad faith or gross overreaching. Defendants caution against "misplaced" reliance on *Gaillard* or section 309 to deny application of the business judgment rule.

FDIC criticizes defendants reliance on the common law business judgment rule in the absence of "legal support that the pre-Corporation Code common law of California afforded officers" business

11

judgment rule protection. FDIC points to section 309's codification of California's common law business judgment rule and its clear omission of protection for officers. FDIC urges this Court to "reject Defendants' request to 'repeal' *Gaillard* to extend California's law beyond what California's Legislature and courts have determined to be the appropriate scope" of the business judgment rule.

This Court resists defendants' invitation to apply a broader common law business judgment rule to bar the complaint's claims. Defendants fail to establish that the complaint lacks sufficient allegations to preclude this Court's addressing defendants' conduct. Moreover, as noted by FDIC, defendants' satisfaction of the business judgment rule raises factual issues "not properly raised at the pleading stage." *Eldridge v. Tymshare, Inc.*, 186 Cal.App.3d 767, 777, 230 Cal.Rptr. 815 (1986). As a fellow district court observed, a "ruling on the applicability of the business judgment rule is peculiarly a question of fact, wholly inappropriate for consideration on a motion to dismiss." *Fed. Sav. and Loan Ins. Corp. v. Musacchio*, 695 F.Supp. 1053, 1064 (N.D. Cal. 1998); *see Resolution Trust Corp. v. Heiserman*, 839 F.Supp. 1457, 1464, 1465 (D. Colo. 1993) ("the business judgment rule is a fact bound affirmative defense which provides no basis for dismissal under Rule 12(b)(6)"). In *Gaillard*, 208 Cal.App.3d at 1267-1268, 256 Cal.Rptr. 702, the California Court of Appeal explained:

> The application of section 309 to the judicial review of a director's actions raises various issues of fact, e.g., whether a director acted as an ordinarily prudent person under similar circumstances, and in the best interests of a corporation; and whether he or she made a reasonable inquiry as indicated by the circumstances. Such questions generally should be left to a trier of fact.

The business judgment rule is an affirmative defense which involves factual issues to preclude its application to dismiss the complaint's claims. Contrary to defendants' claims, the absence of allegations of fraud, bad faith or gross overreaching does not render irrelevant factual issues as to application of the business judgment rule.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DENIES defendants F.R.Civ.P. 12(b)(6) relief;
2. ORDERS defendants, no later than June 22, 2012, to file and serve an answer to the complaint.

IT IS SO ORDERED.

**Dated:**   **June 6, 2012**             /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE