Jonathan D. Joseph, SBN 90564
Jonathan M. Cohen, SBN 168207
Joseph and Cohen, Professional Corporation
659 12th Avenue
San Francisco, CA 94118
Telephone: (415) 817-9200
Fax: (415) 874-1997
jcohen@josephandcohen.com

*Attorneys for Defendants THOMAS T. HAWKER;
JOHN J. INCANDELA;DAVE KRAECHAN;
EDWIN JAY LEE; and EDWARD J. ROCHA*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COUNTY BANK<br>*Plaintiff*<br><br>v.<br><br>THOMAS T. HAWKER; JOHN J. INCANDELA; DAVE KRAECHAN; EDWIN JAY LEE; and EDWARD J. ROCHA<br>*Defendants* | Civil Action No. 1:12-cv-00127-LJO-DLB<br><br>**ANSWER OF DAVE KRAECHAN**<br><br>**JURY TRIAL REQUESTED** |

Defendant Dave Kraechan, by his attorneys of record, hereby answers the Complaint.

In responding to the allegations below, Kraechan (i) incorporates into each response a denial of all allegations in the Complaint (including those outside the knowledge and information of Kraechan) to the extent they assert or suggest that he was negligent or breached his fiduciary duty in any respect, or to the extent that they assert any factual allegations that are inconsistent with or contrary to his actions, (ii) denies any averments in the headings and subheadings of the Complaint, and (iii) intends to respond only as to allegations directed at Kraechan. Defined terms used in this Answer shall have the meaning ascribed to them in the Complaint unless otherwise defined herein.

Kraechan further responds to the specific allegations in the Complaint as follows:
1

1.      No response is required.  These allegations call for a legal conclusion.  To the extent a response is deemed required, denied.

2.      Kraechan admits that he was an officer of County Bank (the "Bank") and that he served on the Executive Loan Committee (the "ELC") for a period of time during his employment with the Bank.  Kraechan denies all other factual and legal allegations in this paragraph.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Kraechan admits that the Bank was a state chartered member bank, headquartered in Merced and was wholly owned by Capital Corporation of the West, a publicly traded one bank holding company.  Kraechan lacks sufficient knowledge and information to form a belief about the year that the Bank was established and on that basis denies such allegations.  Kraechan denies all other factual and legal allegations in this paragraph.

8.      Kraechan admits the last sentence of this paragraph.  Kraechan denies all other factual and legal allegations in this paragraph.

9.      Kraechan denies the allegations in the first sentence of this paragraph.  Kraechan lacks sufficient knowledge and information to form a belief about the remaining factual and legal allegations in this paragraph and on that basis denies such allegations.

10.     This paragraph contains a hypothetical question and legal argument.  Due to missing information, Kraechan lacks sufficient knowledge and information to form a belief about the factual remaining factual and legal allegations made in this paragraph and on that basis denies such allegations.

11.     This paragraph seeks to paraphrase a document.  Kraechan does not have access to this

document and therefore lacks sufficient knowledge and information to form a belief about the factual and legal allegations made in this paragraph and on that basis denies such allegations.

12. Kraechan denies the allegations in the first sentence of this paragraph. Kraechan lacks sufficient knowledge and information to form a belief about the remaining factual and legal allegations in this paragraph and on that basis denies such allegations.

13. No response is required. These allegations address other parties.

14. This paragraph makes broad generalizations and includes allegations addressing other parties. Kraechan lacks sufficient knowledge and information to form a belief about the factual and legal allegations in this paragraph and on that basis denies such allegations.

15. Kraechan admits that the bank was closed by the California Department of Financial Institutions on February 6, 2009 and that Plaintiff was appointed as receiver. Kraechan lacks sufficient knowledge and information to form a belief about the remaining factual and legal allegations in this paragraph and on that basis denies such allegations.

16. No response is required. These allegations call for a legal conclusion. To the extent a response is deemed required, Kraechan admits that jurisdiction is properly before this court but denies all other factual and legal allegations in this paragraph.

17. Admit.

18. No response is required. These allegations call for a legal conclusion. To the extent a response is deemed required, Kraechan denies that he in any way failed to adhere to his fiduciary duties to the bank.

19. No response is required. These allegations address other parties.

20. No response is required. These allegations address other parties.

21. Kraechan admits that he was a Senior Vice President with the bank from January 1, 2001 through February 6, 2009. At times during his employment with the bank, he also held the title of

Chief Lending Officer and served on the ELC.  Kraechan denies all of the remaining factual and legal allegations in this paragraph.

22. No response is required.  These allegations address other parties.

23. No response is required.  These allegations address other parties.

24. No response is required.  These allegations call for a legal conclusion.  To the extent a response is deemed required, Kraechan admits that he had a duty to the bank to act as an ordinarily prudent person.  Kraechan denies all of the remaining factual and legal allegations in this paragraph.

25. Kraechan denies the allegations contained in the first three sentences and the last sentence of this paragraph.  The remaining allegations in this paragraph seek to characterize documents, namely loan files from the Bank.  Kraechan does not have access to these documents and therefore lacks sufficient knowledge and information to form a belief about the remaining factual and legal allegations made in this paragraph and on that basis denies such allegations.

26. No response is required.  These allegations address other parties.

27. No response is required.  These allegations address other parties.

28. Kraechan admits that he was a Senior Vice President with the bank from January 1, 2001 through February 6, 2009.  At times during his employment with the bank, he also held the title of Chief Lending Officer and served on the ELC.  Kraechan admits that he had a duty to the bank to act as an ordinarily prudent person.  Kraechan denies all of the remaining factual and legal allegations in this paragraph.

29. No response is required.  These allegations address other parties.

30. No response is required.  These allegations address other parties.

31. The allegations in this paragraph relate to a specific loan and the accompanying loan file.  Kraechan does not have access to these documents and therefore lacks sufficient knowledge and information to form a belief about the factual and legal allegations made in this paragraph and on that

basis denies such allegations.

32. The allegations in this paragraph relate to a specific loan and the accompanying loan file. Kraechan does not have access to these documents and therefore lacks sufficient knowledge and information to form a belief about the factual and legal allegations made in this paragraph and on that basis denies such allegations.

33. The allegations in this paragraph relate to a specific loan and the accompanying loan file. Kraechan does not have access to these documents and therefore lacks sufficient knowledge and information to form a belief about the factual and legal allegations made in this paragraph and on that basis denies such allegations.

34. The allegations in this paragraph relate to a specific loan and the accompanying loan file. Kraechan does not have access to these documents and therefore lacks sufficient knowledge and information to form a belief about the factual and legal allegations made in this paragraph and on that basis denies such allegations.

35. The allegations in this paragraph relate to a specific loan and the accompanying loan file. Kraechan does not have access to these documents and therefore lacks sufficient knowledge and information to form a belief about the factual and legal allegations made in this paragraph and on that basis denies such allegations.

36. The allegations in this paragraph relate to a specific loan and the accompanying loan file. Kraechan does not have access to these documents and therefore lacks sufficient knowledge and information to form a belief about the factual and legal allegations made in this paragraph and on that basis denies such allegations.

37. The allegations in this paragraph relate to a specific loan and the accompanying loan file. Kraechan does not have access to these documents and therefore lacks sufficient knowledge and information to form a belief about the factual and legal allegations made in this paragraph and on that

basis denies such allegations.

38. The allegations in this paragraph relate to a specific loan and the accompanying loan file. Kraechan does not have access to these documents and therefore lacks sufficient knowledge and information to form a belief about the factual and legal allegations made in this paragraph and on that basis denies such allegations.

39. The allegations in this paragraph relate to a specific loan and the accompanying loan file. Kraechan does not have access to these documents and therefore lacks sufficient knowledge and information to form a belief about the factual and legal allegations made in this paragraph and on that basis denies such allegations.

40. The allegations in this paragraph relate to a specific loan and the accompanying loan file. Kraechan does not have access to these documents and therefore lacks sufficient knowledge and information to form a belief about the factual and legal allegations made in this paragraph and on that basis denies such allegations.

41. No response is required.

42. No response is required. These allegations call for a legal conclusion. To the extent that a response is deemed required, Kraechan admits that he had a duty to the bank to act as an ordinarily prudent person. Kraechan denies all of the remaining factual and legal allegations in this paragraph.

43. Denied.

44. Denied.

45. No response is required.

45. No response is required. These allegations call for a legal conclusion. To the extent that a response is deemed required, Kraechan admits that he had a duty to the bank to act as a ordinarily prudent person. Kraechan denies all of the remaining factual and legal allegations in this paragraph.

45. Denied.

45. Denied.

## AFFIRMATIVE DEFENSES

46. Without undertaking any burden of proof not otherwise assigned by law, Kraechan asserts the following separate and affirmative defenses:

### First Affirmative Defense – Failure to State a Claim

47. Plaintiff's claims are barred in whole or in part because the Complaint, and each and every purported claim for relief alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

### Second Affirmative Defense – Vague and Uncertain

48. Plaintiff's claims are barred in whole or in part because the Complaint fails to state the alleged claims with sufficient particularity to allow Kraechan to respond with and to ascertain what other defenses may exist.

### Third Affirmative Defense – Unclean Hands

49. No relief may be obtained under the Complaint by reason of unclean hands.

### Fourth Affirmative Defense – Business Judgment Rule

50. Plaintiff's claims are barred in whole or in part by the common law business judgment rule and related doctrines under law and equity that insulate Kraechan's conduct and decisions as an officer from liability.

### Fifth Affirmative Defense - Ratification

51. Plaintiff's claims are barred, in whole or in part, because the Bank's Board of Directors and/or committees thereof, with full knowledge of Kraechan's acts, consented to, approved of, acquiesced in, authorized and/or ratified each and every act or omission that Plaintiff alleges to be improper.

### Sixth Affirmative Defense – Superseding Cause

52. Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries, if any, were the result of one or more intervening or superseding causes of caused by the acts/or failures to act of persons and/or entities other than Kraechan and were not the result of any act or omission on the part of Kraechan.

### Seventh Affirmative Defense – Comparative Negligence

53. Without admitting that Plaintiff suffered damages in any amount, or that any other defendant, person, or entity is or should be liable for any such damages, Kraechan's liability, if any, should be reduced under the doctrine of comparative negligence.

### Eighth Affirmative Defense – Statute of Limitations/Repose

54. The action is barred, in whole or in part by the applicable statutes of limitations.

### Ninth Affirmative Defense – Laches

55. This action is barred, in whole or in part, by the doctrine of laches.

### Tenth Affirmative Defense – Speculative Damages

56. Plaintiff's claims are barred in whole or in part because the alleged damages, if any, are speculative.

### Eleventh Affirmative Defense – Failure to Mitigate

57. Plaintiff's claims are barred in whole or in part because Plaintiff had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the conduct alleged in the Complaint, and failed to comply with that duty, and, therefore, is barred from recovery of any damages that might have been reasonably avoided.

### Twelfth Affirmative Defense – Other Defenses

58. Kraechan hereby reserves and asserts all affirmative defenses available under federal law and any applicable state law. Kraechan presently has insufficient knowledge or information as to

whether he may have other, as yet unstated, affirmative defenses in the event that discovery indicates that it would be appropriate.

## PRAYER FOR RELIEF

Wherefore, Kraechan prays as follows:

A. That Plaintiff take nothing by of its Complaint;

B. That judgment be rendered in favor of Kraechan;

C. That Kraechan be awarded his costs of suit incurred in the defense of this action, including reasonable attorneys' fees; and

D. For such other relief as the Court deems just and proper.

DATED: June 22, 2012

                           Joseph and Cohen, Professional Corporation

                           By:_____/s/_____
                                   Jonathan M. Cohen