Patrick J. Richard (CA 131046)
prichard@nossaman.com
James H. Vorhis (CA 245034)
jvorhis@nossaman.com
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile: 415.398.2438

Kevin Collins (CA 185427)
kcollins@nossaman.com
Nossaman LLP
915 L Street, Suite 1000
Sacramento, CA 95814
Telephone: 916.442.8888
Facsimile: 916.442.0382

Attorneys for Plaintiff
FEDERAL DEPOSIT INSURANCE CORPORATION, AS
RECEIVER FOR COUNTY BANK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COUNTY BANK<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS T. HAWKER; JOHN J. INCANDELA; DAVE KRAECHAN; EDWIN JAY LEE; EDWARD J. ROCHA; AND DOES 1-50,<br><br>    Defendant. | Case No: 12-cv-00127-LJO-DLB<br><br>**STIPULATED PROTECTIVE ORDER** |

# PROTECTIVE ORDER

Plaintiff Federal Deposit Insurance Corporation, as receiver of County Bank ("FDIC-R"), and defendants Thomas T. Hawker, John J. Incandela, Dave Kraechan, Edwin Jay Lee, and Edward J. Rocha (collectively "Defendants" and together with FDIC-R "the Parties") have agreed to the provisions of the following Stipulated Protective Order.

**IT IS HEREBY ORDERED THAT**:

1. **Confidential Documents.** The Parties contemplate that during the course of this action they might produce to one another certain Confidential Documents (as hereafter defined) in their possession. The term "Document" as used herein is comprehensively defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, which defines "document" to include writings, drawings, graphs, charts, photographs, images, and other data compilations stored in any medium from which information can be obtained. The term "Confidential Document" shall specifically mean:

   **(a)  Personal Information**. "Personal information" shall mean: account information, customer bank records, signature cards, bank statements, general ledger entries, deposit information, and related records or documents that contain any names, addresses, account numbers, social security numbers, dates of birth, or other identifying information or personal information (including personal financial information, such as but not limited to loan applications, financial statements and credit reports, business and personal state and federal income tax forms) protected from public disclosure by statute or regulation or otherwise under applicable law.

   **(b)  Regulatory Documents**. "Regulatory documents" shall mean all documents and information related in any way to the regulation or supervision of County Bank (the "Bank"), including but not limited to, reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from, or with the FDIC in its corporate capacity or any other state or federal bank or holding company

regulatory agency or authority.  FDIC-R does not agree by this definition that such records are discoverable or admissible.  This definition shall not include documents that become generally publicly available, as described in paragraph 1(e), below.

        **(c)**    **Receivership Documents.**  "Receivership documents" shall mean documents or information related to the FDIC's appointment or service as receiver of the Bank, including, but not limited to, any information on loss or estimates of such loss.

        **(d)**    **Confidential Business Information.**  "Confidential Business Information" shall mean any proprietary document or information relating to the business of a Party, which constitutes, reflects, or discloses a trade secret, proprietary data, commercially sensitive information, or other information which is confidential under applicable law.  Any Producing Party may also apply to the Court for an order to supplement the foregoing categories of Confidential Documents or to designate particular documents not within the foregoing categories as Confidential Documents.

        **(e)**    The term "Confidential Documents" shall specifically not include any information that (i) is or becomes generally available to the public other than as a result of communication or disclosure by any person or identified in Paragraph 5 below in contravention of this Protective Order; or (ii) is disclosed to one or both of the Parties, their counsel, their agents, or any individual or entity identified in Paragraph 5 below, by a third party who learned or acquired the information under circumstances or by means not requiring the third party to preserve the confidentiality of the information.

    2.    **Definitions.**  Any person or entity who produces any discovery material, and any person or entity who generated any discovery material or created or provided any information that is contained in any discovery material, regardless of whether that person or entity is a Party or non-party, shall be referred to herein as a "Producing Party." The term "Litigation" used herein shall mean the above-styled cause, including without limitation any and all claims, counterclaims, cross-claims and defenses asserted by a Party.

    3.    **Designation of Confidential Documents.**  Any Producing Party may

designate any Document as a "Confidential Document" under the terms of this Protective Order if such Party in good faith believes that the Document contains information of any kind described in Paragraph 1(a)-(d). The designation of discovery material as a "Confidential Document" for purposes of this Protective Order shall be made in the following manner by any Producing Party:

(a)    in the case of documents, exhibits, briefs, memoranda, interrogatories, or other materials (apart from depositions or other pretrial testimony): by stamping or otherwise affixing the word "Confidential" to each page without obscuring any writing, mark, communication, or depiction contained in the document; and

(b)    in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel for the Producing Party or any other Party to the Litigation, at the time of or immediately following such disclosure; or (ii) by written notice, sent by such counsel to all parties within thirty days after receiving a copy of the transcript thereof, or at the time errata sheets for such transcripts are provided to the court reporter, whichever occurs earlier; and in both of the foregoing instances, by directing the court reporter that an appropriate confidential legend be affixed to the original and all copies of the transcript.

4. **Savings Provision.**  Failure to designate any information as Confidential Documents pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within ten days of the Producing Party's discovery of the inadvertent failure.  At such time, arrangements shall be made for the return to the Producing Party of all copies of documents inadvertently not designated as Confidential and the substitution, where appropriate, of properly labeled copies.  Disclosure of Confidential Documents prior to later designation as provided in this Paragraph shall not be a violation of this Protective Order.

5. **Permitted Use and Disclosure of Confidential Documents.**  Except as permitted below, Confidential Documents shall be used solely for the purposes of the Litigation and shall not be used for any other purpose, including, without limitation, any

business, proprietary or commercial purpose. Confidential Documents may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    (a)    witnesses in the Litigation and such witnesses' counsel, including former employees, directors, or officers of the Bank and their counsel;

    (b)    counsel and personnel of the FDIC, including, but not limited to, its officers, directors, in-house attorneys, investigators, and executives having any involvement with, assisting in connection with, monitoring, reviewing, or making any decision or determination in connection with, in regard to, or related to the Litigation or proceedings arising out of or related to the Litigation;

    (c)    experts or consultants and their employees retained by a Party and/or their respective counsel to assist a Party in connection with the Litigation or proceedings arising out of or related to the Litigation;

    (d)    clerical, ministerial, or litigation support service providers, such as outside copying support, electronic discovery, or trial presentation or graphics personnel retained by a Party and/or their respective counsel to assist a Party in the Litigation or proceedings arising out of or related to the Litigation;

    (e)    court reporters employed in connection with the Litigation or proceedings arising out of or related to the Litigation;

    (f)    insurers, reinsurers, auditors, independent consultants, or any other person to whom a Party may be required to respond or report in their ordinary course of business regarding the Litigation or proceedings arising out of or related to the Litigation;

    (g)    regulators to which a Party may be required to respond or report in the ordinary course of business regarding the Litigation or proceedings arising out of or related to the Litigation;

    (h)    persons, if any, to whom the FDIC may be required to make Confidential Documents available under the Freedom of Information Act ("FOIA") or the FDIC's FOIA regulations, 12 C.F.R. § 309.5, upon receipt of a proper FOIA request for

such information;

(i) individuals and entities permitted access to exempt information held by the FDIC under 12 C.F.R. § 309.6;

(j) the Court in this Litigation, and its employees, staff and supporting personnel, including, but not limited to, law clerks, the Court Clerk and Deputies, jurors and alternate jurors;

(k) any other person, but only upon order of this Court or with advance written permission of the Producing Party.

Before a non-producing Party gives access to Confidential Documents, or information contained therein, to any recipient of a kind described in Paragraphs 5(a), 5(d), 5(g) (unless such recipient in this category (g) is already subject to substantially similar confidentiality requirements), the non-producing Party shall first provide a copy of this Protective Order to the recipient and obtain the recipient's agreement to keep the Confidential Documents confidential as contemplated by the terms of this Protective Order or such other Protective Order as the producing Party shall have approved in writing before the non-producing Party gives such access to such recipient(s).  The parties may redact Personal Information from any Confidential Documents.  If any party wishes to use the redacted Personal Information for a substantive purpose, such as questioning at a deposition, the parties shall meet and confer in good faith regarding the need to redact such Personal Information.  If the parties cannot resolve the dispute after meeting-and-conferring, the parties shall raise that dispute with the Magistrate Judge.

6. **Filing Under Seal.** All documents of any nature that have been designated as a "Confidential Document" and that are filed with the Court, and any briefs or other papers that disclose information that has been designated a "Confidential Document" shall be filed with the Court with a request that they be filed under seal and remain under seal until such time as the Court orders otherwise.

7. **Challenge to Confidential Designation**. Any party may challenge the propriety of the designation of discovery material as "Confidential Document" at any

time by providing written notice to the Producing Party.  The notice shall either attach a copy of each document marked "Confidential Document" that is subject to challenge or identify such document by production number or other appropriate designation, and state that the challenging Party objects to the designation of such document as a "Confidential Document."  Within five days of service of the notice, the objecting Party and the Producing Party shall attempt in good faith to resolve any challenge on an informal basis. If an agreement cannot be reached within seven days of such notice, the person or entity who is challenging the "Confidential Document" designation may file a motion to challenge the designation of such documents or information as "Confidential Documents." The Confidential Documents will continue to be protected by the terms of this Protective Order unless and until the Court orders otherwise. In the event a challenge to the designation of documents or testimony as "Confidential Documents" is filed, the burden of establishing the propriety of the designation is on the Producing Party.

    8.    **Reservation of Rights.**  The Parties do not waive any privilege or right, including, but not limited to, the attorney-client privilege and work product doctrine, concerning any documents or information produced pursuant to this Protective Order. Further, neither agreeing or complying with this Protective Order, nor producing or receiving Confidential Documents shall prejudice in any way the rights of:

    (a)    any Party or non-party to object to the production of documents it considers privileged or otherwise not subject to discovery, or operate as an admission by any Party or non-party that the restrictions and procedures set forth in this Protective Order constitute adequate protection for any information deemed by any Party to be Confidential Documents;

    (b)    any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

    (c)    a Party or non-party to seek a determination by the Court of whether any Confidential Documents should be subject to the terms of this Protective Order; and

    (d)    a Party or non-party to petition the Court for a further protective order

relating to any purportedly confidential information.

9. **Modification**.  It is the intention of the Parties that the provisions of this Protective Order shall govern discovery in this Litigation as well as the use of documents after discovery has concluded. Nonetheless, each Party shall be entitled to seek modification of this Protective Order, first by attempting to obtain the other Party's consent to such modification, and then, absent consent, by application to this Court.

10. **Duration.**  The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation, including without limitation any subsequent appeals.  Upon the final resolution of this Litigation, either by settlement or by entry of a final, non-appealable judgment governing the Parties' rights and obligations, or otherwise, a Party receiving Confidential Documents and such Party's counsel may retain a copy of any Confidential Documents as deemed reasonably necessary, including as reasonably necessary to comply with ethical obligations of counsel, business requirements, future requests for review by reinsurers, auditors and regulators, or as necessary to exercise or enforce any subrogation rights. Such Party shall promptly return to the Producing Party all other Confidential Documents not required for such purposes. A Party receiving Confidential Documents and its counsel shall maintain the confidentiality of all such Confidential Documents retained by such Party or its counsel pursuant to this paragraph in accordance with this Protective Order, until such documents are destroyed, which shall occur no later than twenty years after the close of the Party's claim file, or within such period then required by such Party's standard record destruction procedures, or thereafter if the documents are then subject to any applicable litigation hold, or thereafter if the documents are then subject to any other document or information hold required by any law, governmental body, or court order. This paragraph does not apply to any documents or information produced to a Party without the limitations set forth in this Protective Order, or to documents or information otherwise obtained by either Party in a manner that is not in violation of this Protective Order.

11. **Producing Party's Control of Its Own Confidential Documents.** Nothing in this Protective Order shall be construed to prevent a Producing Party who has designated material as Confidential Documents from agreeing to release any such material or information from the requirements of this Protective Order, and if it decides to do so, it shall notify the other Party in writing. A Producing Party's rights pursuant to this Protective Order may only be waived by a writing clearly evidencing intent to waive such rights.

12. **Prior Production.** All documents which were produced prior to the entry of this Protective Order and were marked with a "confidential" legend at time of production shall be treated as Confidential Documents pursuant to this Protective Order, subject to all terms and provisions of this Protective Order.

1. The foregoing Stipulated Protective Order is hereby approved.

**IT IS SO ORDERED.**

DATED: _12 July 2012

      /s/ Dennis L. Beck
    U.S. MAGISTRATE JUDGE

AGREED AND APPROVED:

DATED:  July 5, 2012                NOSSAMAN LLP


                                    By: /s/ Patrick J. Richard
                                            Patrick J. Richard
                                        Attorneys for Plaintiff
                                        FEDERAL DEPOSIT INSURANCE
                                        CORPORATION, AS RECEIVER FOR
                                        COUNTY BANK


DATED:  July 5, 2012                JOSEPH & COHEN


                                    By: /s/ Jonathan Cohen
                                            Jonathan Cohen
                                        Attorneys for Defendants
                                        THOMAS T. HAWKER,
                                        JOHN J. INCANDELA,
                                        DAVE KRAECHAN,
                                        EDWIN JAY LEE,
                                        and EDWARD J. ROCHA

Patrick J. Richard (CA 131046)
prichard@nossaman.com
Janice Mock (CA 215168)
jmock@nossaman.com
James H. Vorhis (CA 245034)
jvorhis@nossaman.com
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:  415.398.3600
Facsimile:  415.398.2438

Kevin Collins (CA 185427)
kcollins@nossaman.com
Nossaman LLP
915 L Street, Suite 1000
Sacramento, CA 95814
Telephone:  916.442.8888
Facsimile:  916.442.0382

Attorneys for Plaintiff
FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COUNTY BANK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COUNTY BANK<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS T. HAWKER; JOHN J. INCANDELA; DAVE KRAECHAN; EDWIN JAY LEE; EDWARD J. ROCHA; AND DOES 1-50,<br><br>Defendant. | Case No:  12-cv-00127-LJO-DLB<br><br>**EXHIBIT A** |

**CONFIDENTIALITY AGREEMENT**

I, _____ represent and agree as follows:

I reside at_____
(Street Address)

, ,
(City) (State)

_____and I am employed as _____
(Zip Code)                                       (Title)

by ,
(Employer)

(State)                              (Zip Code)              (Daytime Telephone)

1. I have read and know the contents of the "Stipulated Protective Order," dated _____ , 2012 filed in the above entitled action, agree to be bound by its terms and conditions, and submit myself to the jurisdiction of the U.S. District Court for the Eastern District of California relative to assuring enforcement of the terms and conditions of this Stipulated Protective Order.

2. I am one of the persons described in Paragraph 5 of the Stipulated Protective Order, and I am signing this Confidentiality Agreement and agreeing to enter into this Confidentiality Agreement in order to satisfy the conditions provided for in the Stipulated Protective Order prior to the disclosure to me of any Confidential Information as said term is defined and described in the Stipulated Protective Order.

3. I expressly agree that:

    a. I have read and shall be fully bound by the terms of the Stipulated Protective Order;

    b. All such Confidential Material as is disclosed to be pursuant to the Stipulated Protective Order shall be maintained by me in strict confidence, and I shall not disclosure or use the original or any copy of, or the subject matter of, the Confidential Information except in accordance with the Stipulated Protective Order;

    c. I shall not use or refer to any Confidential Material, or copies thereof, other than in connection with the above entitled action and as provided in the Stipulated Protective Order; and

    d. I shall, upon being notified of the termination of the above entitled action proffer the

return of all copies of all Confidential Material to the counsel for the party who furnished such Confidential Material to me, and I shall destroy any notes and memoranda I have regarding the same.

Date: _____
Signed Name