# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS T. HAWKER, et al.,<br><br>Defendants. | Case No. 1:12-cv-00127-SAB<br><br>**ORDER FOR FURTHER BRIEFING** |

On January 7, 2013, Plaintiff Federal Deposit Insurance Corporation, as receiver for County Bank ("Plaintiff") filed a motion for default judgment. (ECF No. 35.) Upon review of Plaintiff's motion and the evidence submitted at the hearing that took place on February 13, 2013, the Court finds that further briefing is necessary on the issue of prejudgment interest.

Plaintiff and Defendant discussed the applicability of California Civil Code § 3287 with respect to prejudgment interest. Presumably, the parties analyzed state law because Plaintiff asserted state law claims and, generally, the Court looks to state law for the appropriate measure of damages. See Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 278 ("In a diversity action, or in any other lawsuit where state law provides the basis of decision" propriety of a particular form of damages is question of state law.); Clausen v. M/V NEW CARISSA, 339 F.3d 1049, 1064-65 (9th Cir. 2003) (proper measure of damages is

1 substantive in nature and inseparably connected with the right of action).

2 However, Plaintiff also cited 12 U.S.C. § 1821(*l*) in its brief requesting prejudgment
3 interest, which on its face sets forth the remedies available to the FDIC in cases such as this one.
4 Section 1821(*l*), entitled "Damages," states that "[i]n any proceeding related to any claim against
5 an insured depository institution's director, officer, [etc.] ... recoverable damages determined to
6 result from the improvident or otherwise improper use or investment of any insured depository
7 institution's assets ... shall include ... appropriate interest." 12 U.S.C. § 1821(*l*). Plaintiff
8 interprets this language as authorizing prejudgment interest but Plaintiff's analysis only addresses
9 whether prejudgment interest is appropriate under state law. Plaintiff did not address why Section
10 1821(*l*) should be interpreted to authorize a prejudgment interest award under state law standards.
11 In the Court's view, further analysis is necessary to determine the purpose of Section 1821(*l*) and
12 the interplay between this federal statute and the state law claims brought by plaintiff.

13 The Court will order further briefing from the parties on the issue of prejudgment interest
14 under Section 1821(*l*). Specifically, the Court will order the parties to brief the following issues:

15 1) Does Section 1821(*l*) authorize an award of prejudgment interest in accordance with state
16     law standards when a state law claim is brought, <u>see generally</u> California Civil Code §
17     3287, or does Section 1821(*l*) authorize an award of prejudgment interest in accordance
18     with federal law standards, <u>see generally</u> <u>U.S. v. Gordon</u>, 393 F.3d 1044, 1058-59 (9th
19     Cir. 2004) (discussing prejudgment interest in federal cases)?

20 2) Does "appropriate interest," as the phrase is used in Section 1821(*l*), refer to an
21     appropriate <u>rate</u> of interest or does it refer to appropriate <u>circumstances</u> warranting an
22     award of interest? See <u>Grant Thornton, LLP v. FDIC</u>, 435 Fed. Appx. 188 (4th Cir.
23     2011);

24 3) If Section 1821(*l*) authorizes an award of prejudgment interest, how does the availability
25     of this federal prejudgment interest remedy coexist with the corresponding state
26     prejudgment interest remedy when asserting a state law claim (i.e., does Section 1821(*l*)
27     preempt state law prejudgment interest laws, does it establish a minimum or a "floor" on
28     the measure of damages that can be exceeded if state law so provides, should Plaintiff be

required to elect to recover under state law or federal law, or should Plaintiff be permitted to recover under either state or federal law)? and

4) If Section 1821(*l*) authorizes an award of prejudgment interest under federal law standards, what amount of interest should be awarded in this case, if any (i.e., what rate of interest applies)?

Since Plaintiff is the party requesting the award of prejudgment interest, the Court orders Plaintiff to first submit a brief on the aforementioned issues. The Defendant shall file a responsive brief thereafter. No further reply briefing will be permitted unless leave of Court is first obtained.

Accordingly, it is HEREBY ORDERED that:

1. On or before **Wednesday, April 18, 2013**, Plaintiff shall file a brief addressing the issue of prejudgment interest under 12 U.S.C. § 1821(*l*) as set forth above;

2. On or before **Wednesday, May 1, 2013**, Defendant shall file a responsive brief.

IT IS SO ORDERED.

Dated:   **March 14, 2013**                                 _____
                                                                                         UNITED STATES MAGISTRATE JUDGE

3